THE BROOKLYN GRAVEL ROAD COMPANY *v.* SLAUGHTER.

|    |     |
| -- | --- |
| 33  | 185 |
| 141 | 355 |

|    |     |
| -- | --- |
| 33  | 185 |
| 170 | 405 |

PLEADING.—*Bill of Particulars.*—Where a complaint states, in the body of it, a good cause of action, specifying its nature, not upon a general account of several items, but upon one item alone, which is set out, it cannot, under the code, be objected to on demurrer, on the ground that no bill of particulars is made a part it.

CORPORATION.—*Contract of.*—A corporation can make, no valid contract except such as relates to the business and objects of the corporation; and all such contracts must be made either by the board of directors or by a duly authorized agent or attorney.

SAME.—*Officer.*—An individual officer of a corporation cannot by his acts bind the corporation, unless such acts are authorized or approved by the corporation.

APPEAL from the Morgan Circuit Court.

FRAZER, J.—The first question made is upon the action of the court below in overruling the demurrer to the complaint. The specific point made here is, that no bill of particulars was made part of the complaint. There is nothing in the objection. Each paragraph of the complaint stated, in the body of it, a good cause of action, specifying its na-

ture. Neither proceeded upon a general account of several items, but upon one item alone, which was set out, and the statute (sec. 78 of the code) does not require this to be repeated by annexing it in the form of an account. No possible benefit to the defendant could result from such a requirement; and even if required, it would, in such a case, be matter of form only, and therefore no cause of demurrer under the code.

An issue was made by the general denial, upon the trial of which there was no evidence to sustain the first paragraph of the complaint, as it seems to us, though the finding for the appellee was upon it. Between the terminus of the defendant's road and the terminus, as constructed, of the gravel road of another corporation, The White River Valley Gravel Road Company, there was a space of some seventy rods. The work performed by the plaintiff consisted in grading and graveling this space. This was not done in pursuance of any contract with the defendant, but upon the faith of a conversation with the president of the defendant, in which the plaintiff was told by said president, that the latter would guarantee the payment, by persons interested in the White River road, of two hundred dollars for the work, and that he, said president, would vote to pay the balance, two hundred dollars, by the defendant. The president at the same time requested the plaintiff to do the work, if it could be done for about four hundred dollars. The defendant's corporation never took action on the subject. A sum, one hundred and fifty dollars, was afterwards paid to the president of the defendant on account of the work, by persons interested in the White River company. Instead of handing the money to the plaintiff, he applied it in the discharge of debts held against his own company. He did this because, as he testified, he "understood" that this company would pay the plaintiff for his whole work, though the evidence shows that there was no reason for any such understanding. The president had no authority whatever to bind the defendant to pay for any part of the work.

Indeed, the defendant had no franchise authorizing it to do the work, and it has never claimed it as part of its road. After its completion, the two corporations built a joint toll-house at the terminus of the White River road, but in doing so the defendant was careful to declare that it did not thereby recognize the seventy rods as part of its road, or its liability to pay for any part thereof. It had never collected tolls upon it.

But the court refused the following instruction to the jury, prayed by the appellant:

"2d. A corporation can make no valid contract except such as relates to the business and objects of the corporation; and all such contracts must be made either by the board of directors or a duly authorized agent or attorney."

It also refused the following:

"3d. An individual officer of a corporation cannot, by his acts, bind the corporation, unless such acts are authorized or approved by the corporation."

It seems to us that these instructions should have been given. They were applicable to the evidence, and clearly the law.

Reversed, with costs, and remanded for a new trial.

*A. Ennis*, for appellant.

*W. R. Harrison* and *W. S. Shirley*, for appellee.