Filed May 27, 1895.

———————◆———————

No. 16,961.

THE NATIONAL STATE BANK OF TERRE HAUTE *v.* THE VIGO COUNTY NATIONAL BANK ET AL.

CORPORATION.—*Powers of President.—Function of Directors.*—The president of a corporation, by virtue of his office merely, has very little authority to act for the corporation; his powers depend upon the nature of the company's business, and the authority given him by the board of directors. The board of directors may invest him with authority to act as the chief executive officer of the corporation; this may be done by resolution or by acquiescence in the course of dealing and the manner of transacting the corporate business.

SAME.—*Contract Made by President in Corporate Name.—Presumption.* —If a contract be made in the name of a corporation, by the president, in the usual course of business, which the directors have the power to authorize him to make, or to ratify after it is made, the presumption is that the contract is binding on the corporation until it is shown that the same was not authorized or ratified.

SAME.—*Rights of One Dealing With President of Corporation.—Authority.*—One dealing with the president of a corporation, in the usual course of business, and within the powers which the president has been accustomed to exercise without objection from the directors, has the right to assume that the president has been invested with those powers.

National State Bank of Terre Haute *v.* Vigo Co. National Bank *et al.*

SAME.—*Receiver, Rights of Creditors to Sue Vest in.*—A receiver of a corporation represents the creditors thereof, and he is the proper person to maintain an action to set aside chattel mortgages on the corporate property, as the rights of the creditors in this respect become vested in the receiver.

FRAUD.—*Question of Fact.*—Fraud, in this State, is a question of fact, and must be alleged and proven as such, to be available.

From the Vigo Circuit Court.

*B. E. Rhoads* and *E. F. Williams*, for appellant.

*J. Jump, J. E. Lamb, J. C. Davis, S. B. Davis, J. C. Robinson, S. M. Reynolds* and *G. M. Davis*, for appellees.

MONKS, J.—This action was brought by appellant against appellees to set aside two mortgages held by the Vigo County National Bank, purporting to have been executed by the Sanford Fork and Tool Company, and to recover judgment on certain notes held by appellant on said tool company.

The amended complaint is in four paragraphs, and the facts alleged in the different paragraphs are substantially the same.

After the averments concerning the indebtedness of the tool company to appellant, the only allegations necessary for the determination of the sufficiency of the complaint (the only question presented) are, in substance, that said tool company is otherwise indebted in the sum of $250,000, and is wholly insolvent, and was wholly insolvent on the 17th day of March, 1890; that on the 25th day of April, 1890, William Kidder, the president of said corporation, executed, in the name of the Sanford Fork and Tool Company, two chattel mortgages to secure $28,000 each, to himself, as trustee for the Vigo County National Bank, one of the appellees, on all the personal effects of said company, which mortgages were filed for record the 1st day of May, 1890;

National State Bank of Terre Haute *v.* Vigo Co. National Bank *et al.*

that said consideration for said mortgages was a preëxisting debt owing by said tool company to said bank, the said debt having been created a year before the execution of said mortgages; that said mortgages, and each of them, were executed by the said Kidder on his own motion, and without any authority or permission to him in that behalf previously given by said tool company, or its directors or stockholders; that said mortgages were executed without authority from said tool company or its directors or stockholders, and without the consent or knowledge of said tool company, its directors or stockholders, and that the execution of the same has never been approved, affirmed or ratified by said tool company, the directors or stockholders; that at the time of the execution of said mortgage said tool company was wholly insolvent, which fact was well known to said Kidder, her indebtedness being $300,000 and her assets $100,000; the unsecured indebtedness aggregating $150,000, of which appellant held $22,000; that within ten days after the execution of said mortgages this action was brought; that said Sanford Fork and Tool Company did not execute said mortgages, or either of them, and did not ratify the execution thereof.

Demand for judgment on the claims sued upon and that said mortgages be set aside.

The Vigo County National Bank demurred separately to each paragraph of complaint, which was sustained and exceptions reserved.

The only error assigned is that the court erred in sustaining said demurrer to each paragraph of complaint.

The statute under which the tool company was organized provides that the business of the corporation shall be managed by a board of directors, a majority of whom shall constitute a quorum. Section 3854, R. S. 1881, section 5054, R. S. 1894.

Under this statute the directors have full authority to act for the corporation, and represent it in all the matters relating to the corporate business. *Brooklyn Gravel Road Co.* v. *Slaughter,* 33 Ind. 185; *Board, etc.,* v. *Lafayette, etc., R. R. Co.,* 50 Ind. 85.

The president of a corporation, by virtue of his office merely, has very little authority to act for the corporation; his powers depend upon the nature of the company's business and the authority given him by the board of directors. The board of directors may invest him with authority to act as the chief executive officer of the company; this may be done by resolution or by acquiescence in the course of dealing and manner of transacting the business of the corporation. Taylor Corp., sections 202, 236, 238, and notes; *Martin* v. *Webb,* 110 U. S. 7; *Northern, etc., R. R. Co.* v. *Bastian,* 15 Md. 494; *Dougherty* v. *Hunter,* 54 Pa. St. 380; *Stokes* v. *New Jersey Pottery Co.,* 46 N. J. Law, 240; *Louisville, etc., R. W. Co.* v. *McVay,* 98 Ind. 391; 17 Am. and Eng. Encyc. of Law, pp. 135, 136, 137, and notes; Jones Chat. Mort., section 51.

When a contract is made in the name of a corporation by the president, in the usual course of business, which the directors have the power to authorize him to make, or to ratify after it is made, the presumption is that the contract is binding on the corporation until it is shown that the same was not authorized or ratified. *Patterson* v. *Robinson,* 116 N. Y. 193; *Eureka Iron and Steel Works* v. *Bresnahan,* 60 Mich. 332; 1 Morawetz Corp., section 538; 1 Beach Corp., section 203; 17 Am. and Eng. Encyc. of Law, p. 124.

One dealing with the president of a corporation, in the usual course of business, and within the powers which the president has been accustomed to exercise without objection from the directors, has the right to assume that

the president has been invested with those powers. 1 Morawetz Corp., section 538; 1 Beach Corp., section 203; *First Nat'l Bank* v. *Kimberlands*, 16 W. Va. 555; *Eureka Iron and Steel Works* v. *Bresnahan, supra.*

Each paragraph of the complaint, however, alleges that said mortgages were executed without any authority whatever, and were never ratified after they were executed, and we are of the opinion that the second, third and fourth paragraphs were sufficient to withstand the demurrer.

There was no error in sustaining the demurrer to the first paragraph of the complaint for the reason that it is therein alleged that before the filing of the amended complaint a receiver had been appointed in this action, and had taken possession of the property of the tool company. If a receiver had been appointed for, and taken possession of, the property of the corporation, as alleged, he represented the creditors, and was the proper person to maintain actions such as this, as the right of the creditors in that respect become vested in him. High Rec., sections 314, 315 and 320; Beach Rec., sections 439–442; Taylor Corp., sections 542, 814; 20 Am. and Eng. Encyc. of Law, pp. 286–288, and notes; *Curtis* v. *Leavitt*, 15 N. Y. 9; *Attorney-General* v. *Guardian, etc., Ins. Co.*, 77 N. Y. 272; *Porter* v. *Williams*, 9 N. Y. 142, 59 Am. Dec. 519, and notes on p. 524; *Vail* v. *Hamilton*, 85 N. Y. 453; *Gray* v. *Davis*, 1 Wood (U. S. Cir. Ct.), 420; *Davis* v. *Gray*, 16 Wall. 216; *Hutchinson* v. *First Nat'l Bank of Michigan City*, 133 Ind. 280, and cases cited; *Voorhees* v. *Carpenter*, 127 Ind. 300, and cases cited.

Other allegations in the complaint are discussed by counsel, but as the complaint is sufficient without them the same will not be considered except to repeat what has often been held by this court: that in this State, by

statute, the question of fraud is made one of fact, and that when fraud is essential to the cause of action it must be found as a fact, and not left to be inferred as a matter of law. In order to avoid a conveyance as being fraudulently executed, the complaint in such action must expressly charge that the instrument was executed with a fraudulent intent. *Hutchinson* v. *First Nat'l Bank of Michigan City, supra,* and cases cited.

Judgment reversed, with instructions to overrule the demurrer of the Vigo County National Bank to the second, third and fourth paragraphs of amended complaint.

Filed May 28, 1895.