DEDRICK v. ORMSBY LAND & MORTGAGE COMPANY *et al.*

Under Comp. Laws, § 3524, providing that "a voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known or ought to be known to the person accepting," a corporation which accepts the benefit of an agreement executed in its behalf by one of its officers, extending a mortgage on its property, and containing a provision by which it assumed liability for the debt secured, is bound by such provision, regardless of the question of the officer's original authority to execute such agreement.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Brown county.    Hon. A. W. CAMPBELL, Judge.

Action at law to recover amount of deficiency on mortgage foreclosure. Plaintiff had judgment, and defendant mortgage company appeals.    Affirmed.

*H. H. Potter* and *E. A. Morling*, for appellant.

The extension contract is not the contract of the Ormsby Land & Mortgage Co.    Haverhill Ins. Co. v. Newhall, 1 Allen 130; Fiske v. Eldridge, 12 Gray, 476; Sturtevant v. Hall, 59 Me. 172; Barker v. Ins. Co. 3 Wend. 94; Powers v. Briggs, 79 Ill. 493; Moss v. Livingston, 4 Comst. 208.

*Charles M. Stevens*, for respondent.

Accepting the benefits of a transaction or contract of those purporting to act for the corporation is a ratification thereof. § 3524 Comp. Laws; Sherman Town Co. v. Morris, 23 Pac. 569; Kirkland v. Wooden Ware Co. 68 Wis. 34; 31 N. W. 472; Paxton Cattle Co. v. Bank, 21 Neb. 62; 33 N. W. 271; Bank v. Fricke, 75 Mo. 178; 42 Am. Rep. 397.

FULLER, J.    Whether appellant is liable for the deficiency remaining after the foreclosure of a mortgage on real property is the sole question presented on this appeal from a judgment of that character and from an order denying a motion for a new trial.   On the 7th day of June, 1886, through the agency of the American Investment Company, a corporation, respondent loaned to Will B. Stearns $735, due December 1, 1891, with interest at 7 per cent. per annum, payable semi-annually, as evidenced by a principal note and six coupon interest notes, each for $25.72, all of which were secured by a mortgage on land; and payment thereof was at the time, for a valuable consideration, guarantied by the American Investment Company, at maturity or within two years thereafter.   When the mortgage had matured, and the guaranty above mentioned became operative, and at a time when the Ormsby Land & Mortgage Company held the legal title to the mortgaged premises, a contract extending the time of payment for five years from December 1, 1891, was entered into, expressly continuing in force all the conditions, covenants, and agreements contained in the mortgage, and by which payment of all money due or to become due, thereon, including the principal note, was assumed as follows:   "In consideration of said extension, the said George J., Consigny, Jr., Sec., hereby agrees to pay interest on said note

from December 1st, 1891, until said principal shall be fully paid, at the rate of seven per cent. per annum, payable semi-annually, to wit, on the first day of June and December in each year; said interest evidenced by ten interest coupons of even date herewith, made by George J. Consigny, Jr., Sec., and payable to the order of P. K. Dedrick. It is hereby covenanted and agreed that all the conditions, covenants, and agreements contained in said trust deed shall continue in full force and apply to the security of said note and the interest to accrue thereon during the full term of the extension hereby given, in the same manner and to the full extent as to the said note, and interest accruing thereon, during the original time for which said note was originally given. * * * In witness whereof we have hereunto set our hands and seals this first day of December, 1891. [Signed] Ormbsy Land and Mortgage Company. George J. Consigny, Jr., Sec." This instrument was duly acknowledged by "George J. Consigny, Jr., Sec.," to be his free and voluntary act for purposes therein set forth, and the court found "that in signing said extension agreement, and said coupon interest notes constituting the extension agreement as hereinbefore set forth, said defendant George J. Consigny, Jr., acted in the capacity of secretary of said Ormsby Land and Mortgage Co., and not in his individual capacity." The interest coupons, signed "Ormsby Land and Mortgage Co., George J. Consigny, Jr., Sec.," executed as part of the transaction extending the principal note of $735, were made payable to respondent at the office of the American Investment Company, and contain a recital by which the maker thereof assumes and agrees to pay the entire indebtedness. Concerning the words "Ormsby Land and Mortgage Co.," appearing upon the exten-

sion contract and each interest coupon executed therewith, and which appear to have been placed thereon with a rubber stamp, George J. Consigny, Jr., testified to the effect that he was secretary of the Ormsby Land & Mortgage Company, and, with the president, had full charge of the office, with authority to represent the company, and, as such secretary, executed some 10 or more of these extension agreements to accommodate the American Investment Company, and as a matter of benefit to the Ormsby Land & Mortgage Company, whose signature he affixed to each. The American Investment Company held virtually all the stock of the Ormsby Land and Mortgage Company, and as secretary he always did whatever the American Investment Company wanted done. It clearly appears that the mortgage company was organized as an auxiliary of the investment company, with practically identical management and ownership, so that their interests were at all times inseverable.

Evidently upon the theory that ambiguity exists as to the capacity in which George J. Consigny, Jr., executed the papers by which the extension was effected, the court very properly admitted in evidence several letters written by the parties in interest to respondent, together with testimony of certain witnesses, from which it might well be found that appellant knowingly acqiesced in, and received the benefits of, the contract of extension, thus ratifying all that was done, and the question of original authority was rendered immaterial. "A voluntary acceptance of the benefit of a transation is equivalent to a consent to all the obligations arising from it, so far as the facts are known or ought to be known to the person accepting." Comp. Laws, § 3524. The circumstances of this case bring appellant clearly within the doctrine of the forego-

ing statutory provision. Bennett v. Judson, 21 N. Y. 238. That the rule applies as well to corporations, acting within corporate authority, as to natural persons, and requires no formal vote or resolution, see Bindery Co. v. Kittleson, 4 S. D. 526, 57 N. W. 233; Iron-Works v. Bresnahan (Mich ) 27 N. W. 524; Melledge v. Iron Co., 5 Cush. 158; Town Co v. Morris (Kan. Sup.) 23 Pac. 569. The principles governing this case being well settled, we affirm the judgment appealed from, without further discussion.