NEW PITTSBURGH COAL AND COKE COMPANY v. SHALEY.

[No. 3,199. Filed October 3, 1900.]

CORPORATION.—*Employment of Physician for Injured Employe.—Authority of Agent.*—The employment of a physician by the manager of a private corporation, to render medical and surgical treatment on behalf of an employe who had been injured while in the line of his duty, will not bind the corporation, in the absence of a showing that such employment was within the scope of the manager's authority.

From the Sullivan Circuit Court. *Reversed.*

*John S. Bays,* for appellant.

*Hendrich & Hamill, G. W. Buff, W. R. Nesbit* and *Paul Stralton,* for appellee.

HENLEY, J.—The appellant commenced this action against appellee upon an open account for coal sold by appellant to appellee. Appellant is a corporation. Appellee's answer is in three paragraphs. The first paragraph of answer is a general denial; the second a plea of payment. The third paragraph, which was held sufficient to withstand a demurrer for want of facts by the lower court, avers that appellee has been for a long time a practicing physician in the city of Terre Haute, Indiana, and that at the time of and prior to the commencement of this action appellant was, and still is, indebted to appellee in the sum of $75 for professional services rendered by said defendant as such physician, a bill of particulars of which is filed with and made a part of the answer. That said services were done and performed at the instance and request of the appellant to and

on behalf of one Robert Schoonover, who was in the employ of appellant, and who, while in the line of his duty as appellant's servant and employe, received severe personal injuries by reason of which said servant suffered extreme torture and severe pain and required immediate relief in the way of medical attention. That one Frank Shoemaker was at said time the manager of appellant's office and yards in said city of Terre Haute; that the principal office of said appellant is in the city of Chicago; that said Shoemaker was at said time the highest officer of appellant present in said city and knew of the injuries received by said servant, and on behalf of the appellant employed appellee to render to said servant such medical aid and attention as he required and his said injuries demanded. Appellee avers that he did under such employment render to appellant's servant such medical aid and attention as said servant's injuries demanded and that such services were reasonably worth the sum of $75, which amount he asks to be allowed as a set-off against any amount found due appellant, and that he have judgment over for any balance due him.

The trial resulted in a verdict and judgment in favor of appellee for $10.10.

It is insisted that the lower court erred in overruling the demurrer to the third paragraph of answer. The case of *Chaplin* v. *Freeland,* 7 Ind. App. 676, is decisive of the question here presented. In the case cited, the court, by Gavin, C. J., says: "Usually an injured employe procures and pays for his own attendance, and then, if his employer be in the wrong, recovers this sum from his employer with his other damages. Whether or not such an extreme case might arise as would justify or require the court to impose on individual employers a duty analogous to that imposed upon railroad companies, it is unnecessary for us to determine. There are here no facts showing any emergency, save the necessity for the immediate services of a surgeon. No necessity for action by the employer is shown. It does

not appear but that the injured man was possessed of abundant means to provide for himself, nor does it appear that he lacked friends and relatives both able and willing to provide for him."

It is not alleged in this answer that the employment of a physician for injured employes came within the scope of the duties of Shoemaker, who is alleged to have been the manager of appellant at the city of Terre Haute, and we can not hold as a matter of law that such employment would come within the scope of the duties of the manager of a coal company.

It has often been held that the manager of a railroad had authority to employ physicians and to bind his company for their services, and the same power has been given subordinate officers of railroads in cases of emergency. *Terre Haute, etc., R. Co.* v. *McMurray,* 98 Ind. 358, 49 Am. Rep. 752; *Toledo, etc., R. Co.* v. *Mylott,* 6 Ind. App. 438; *Louisville, etc., R. Co.* v. *McVay,* 98 Ind. 391, 49 Am. Rep. 770.

The reasons for such a rule as is applied to railway companies do not obtain in this case. Why such a rule is not applicable is fully discussed in the case of *Chaplin* v. *Freeland,* 7 Ind. App. 676.

The lower court erred in overruling appellant's demurrer to the third paragraph of appellee's answer.

Judgment reversed, with instructions to the lower court to sustain the demurrer to the third paragraph of answer.