## FARMERS COOPERATIVE INSURANCE ASSOCIATION *v.* NOLAN ET AL.

[No. 3,456.    Filed April 19, 1901.]

INSURANCE.—*Agreement to Insure.*—*Complaint.*—A complaint against an insurance company for a fire loss proceeding upon the theory that there was an agreement to issue a policy, which defendant neglected to do, is insufficient, where all of the direct averments relating to the making of the agreement show merely negotiations between plaintiff and the president of the defendant, and there is no direct averment that the president had authority to act in the matter.

From the Boone Circuit Court. *Reversed.*

*T. J. Terhune,* for appellant.

*A. J. Shelby,* for appellees.

BLACK, J.—The complaint of the appellees against the appellant, a demurrer to which for want of sufficient facts was overruled, contained averments to the effect that the appellees agreed with the president of the appellant for the issuing of a policy of fire insurance on a certain barn owned by the appellees, that the appellant negligently failed to issue a policy, that the barn was destroyed by fire, and thereafter the appellees demanded a policy of the appellant's president, who had notice of the loss, and tendered to him the membership fee for a policy of insurance for the amount agreed upon, and that the appellant declined to issue the policy, and refused to accept the fee. The complaint is very long, and we have merely stated enough to indicate the character of the action.

The copy of a blank form of policy, alleged to be the only form used by the appellant, affixed as an exhibit to the complaint, is of no avail as an exhibit, the action not being based upon a policy, but proceeding upon the theory that there was an agreement to issue a policy, which the appellant neglected and refused to issue.

All the direct averments relating to the making of the agreement show merely negotiations between the appellees or one of them and the president of the appellant and his promise to cause the issuing of a policy. There is no direct averment that the president had authority to act in the matter in question, or that any promise or agreement was made or entered into by the appellant or by the appellant by or through its president.

It is alleged that the president, one Vandever, agreed to cause a policy to be issued and delivered to the appellees, "the said Vandever then and there having frequently solicited applications and membership previous thereto, and took applications and caused policies to be issued thereon, it then being his custom so to do and having done so before and after that date." This is a parenthetical recital of matter of evidence, the effect of which, if shown on the trial,

need not be decided. The question before us is one relating to the proper mode of showing by pleading the authority of one to contract on behalf of another.

"The president of a corporation," it is said in *National Bank* v. *Vigo County Bank,* 141 Ind. 352, 355, 50 Am. St. 330, "has very little authority to act for the corporation; his powers depend upon the nature of the company's business and the authority given him by the board of directors. The board of directors may invest him with authority to act as the chief executive officer of the company; this may be done by resolution or by acquiescence in the course of dealing and manner of transacting the business of the corporation." See, also, *Brooklyn, etc., Co.* v. *Slaughter,* 33 Ind. 185; *New Pittsburgh, etc., Co.* v. *Shaley,* 25 Ind. App. 282; *Pittsburgh, etc., R. Co.* v. *Adams,* 25 Ind. App. 164.

The judgment is reversed, with instruction to sustain the appellant's demurrer to the complaint.