## HUNT v. NORTHWESTERN MORTG. TRUST CO.

1. Where, in an action against a corporation, certain pages of its record book, identified as minutes of the proceedings of its stockholders' meetings, were excluded on objection, it will be presumed on appeal that the ruling was proper, in the absence of any showing in the record as to what the pages contained.

2. Where a corporation organized to conduct a bank and trust company had power to own, transfer, and guaranty notes and mortgages, and its president transferred a note payable to it to plaintiff, and guarantied payment thereof, the corporation was liable on such guaranty—it having received the benefit of the contract—whether the president had original authority to execute it or not.

3. Where a corporation organized for the purpose of conducting a mortgage trust company business sold and delivered sheep, and accepted the buyer's note therefor, which the president of the corporation transferred to plaintiff, and guarantied payment thereof, the original consideration for the note was immaterial, in an action on the guaranty against the corporation.

(Opinion filed Oct. 7, 1902)

Appeal from circuit court, Spink county; Hon. L. E. GAFFY, Judge.

Action by E. R. Hunt against the Northwestern Mortgage Trust Company, a corporation. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

The facts are stated in the opinion.

*Sterling & Morris,* for appellant.

*N. P. Bromley,* for respondent.

HANEY, P. J.    Defendant is a corporation existing under the laws of this state, for the purpose of loaning money on first mortgage security, issuing debentures, and conducting a

16 S. D.—16

general banking business. In July, 1894, the plaintiff received from S. A. Fitch, then vice president of the defendant corpora tion, the following instruments in writing, for which he paid $300, the face of the note, and some accrued interest:

"Northwestern Mortgage Trust Company of Redfield, South Dakota, Gettysburg, S. D., July 15, 1894. On the first day of July, A. D., 1896, for value received, I promise to pay to the order of the Northwestern Mortgage Trust Company of Redfield, South Dakota, at the First National Bank of Redfield, South Dakota, the sum of $300, with interest thereon at the rate of 10 per cent. per annum from date until paid, payable annually on the first day of July. It is hereby agreed that if default be made in the payment of any interest payment above specified, or any portion thereof, then the said principal sum shall, at the option of the holders hereof, become at once due and collectible, without notice, with interest thereafter at the rate of 12 per cent. per annum until paid. The respective makers and indorsers hereof severally waive presentment, pro test, notice of nonpayment and of protest of this note. [Signed] S. C. Leppelman, Thomas Ream."

"For value received, the Northwestern Mortgage Trust Company hereby assigns to E. R. Hunt or order the within note, but this assignment shall carry the right to receive the interest from the maker hereof only in case the interest coupon or coupons executed by said company, representing such inter est, are still unpaid and attached hereto; and said company hereby guaranties the payment of interest on the within note, but only according to the terms of, and on presentation of, its several interest coupons attached hereto, and guaranties the payment of the principal of the within note. It is agreed that,

if this note shall be transferred, written notice thereof shall be given to said company within twenty days thereafter. Dated this 26th day of July, 1894. [Signed] Northwestern Mortgage Trust Co., by W. W. Taylor, President."

When this guaranty was executed, W. W. Taylor was president of the defendant. S. A. Fitch was its vice president from 1893 to 1895, and its president from 1895 until after this action was tried.

The plaintiff having proved the foregoing facts and rested, defendant introduced its amended articles of association, showing the purpose for which it was formed, as heretofore stated. It then offered certain pages of a record book identified by defendant's secretary as the minutes of the proceedings of its stockholders' meetings, the proceedings of its directors' meetings, and its by-laws, to which plaintiff's objections were sustained. In the absence of any statement in the record of what these pages contained, it should be presumed that they were properly excluded. But assuming they would have shown want of authority in the president to execute the guaranty on behalf of the defendant, such want of authority would have constituted no defense in this action. There can be no doubt of the corporation's power under its amended charter to own, transfer and guaranty the payment of such paper as is involved in this action; and, having accepted the benefits of the contract executed on its behalf by its president, it is liable upon such contract, regardless of the question of the president's original authority to execute it. Dedrick v. Mortgage Co., 12 S. D. 59, 80 N. W. 153.

The secretary of the corporation having testified that the note was given for the purchase price of some sheep, he was

asked whether he knew of any act of defendant's directors or stockholders authorizing the corporation, its president, or any of its officers to engage in the business of buying and selling sheep. The exclusion of the evidence sought by these questions is assigned as error. If the contract of guaranty was valid by reason of the president's original authority to make it, or by reason of the corporation having accepted the value of the note, the original consideration of the note was immaterial; and, as its makers appear from the rejected questions to have received the sheep, they would be in no position to allege that the sale thereof was beyond the authority. of the corporation or of its officers.

It follows that the circuit court did not err in directing a verdict in favor of the plaintiff for the face of the note. The judgment is affirmed.