## Paducah Wharfboat Company v. Mechanics Trust & Savings Bank.

(Decided May 18, 1915.)

### Appeal from McCracken Circuit Court.

1. Continuance—Absence of Co-defendant.—Reliance on the presence of a co-defendant at the trial is not sufficient ground for a continuance when the circumstances are such as to apprise a person of ordinary prudence of the improbability of his being present, and due diligence is not used to procure his testimony.

2. Corporations—Notes—Want of Authority to Execute—Money Had and Received.—Where a bank lends money to a corporation on a note executed by the corporation by its secretary, and the secretary is without authority to execute notes but has authority to make deposits and draw checks thereon, and the proceeds of the note are deposited to the corporation's credit with the knowledge of the secretary, and the sum so deposited is subsequently drawn out on checks of the corporation drawn by the secretary, the cor-

poration is liable for money had and received,. it being immaterial, so far as the bank is concerned, how the sums so drawn out on checks of the corporation were subsequently applied.

BERRY & GRASSHAM for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is a suit by the Mechanics Trust & Savings Bank against the Paducah Wharfboat Company to recover on a note. From a verdict and judgment in favor of plaintiff the defendant appeals.

The note is for $2,500.00. It is dated December 1st, 1913, and is payable in thirty days. It is signed as follows: "Paducah Wharfboat Company, D. M. Street, Sec., D. M. Street." The note in question was the renewal of a note for the same amount originally given on April 18th, 1911. Between that date and the date of the note sued on there were several renewals.

The petition alleges the execution and delivery by the corporation and D. M. Street of the note in question, their promise and agreement to pay the amount thereof, and their failure and refusal to pay. The corporation demurred to the petition and interposed a plea of *non est factum*. Plaintiff, in its reply, denied the allegations of the answer and pleaded affirmatively that the note was for money had and received by the wharfboat company and used by it for its own purposes. Subsequently an amended petition was filed pleading the same facts, but in a more detailed way.

The first error relied on is the refusal of the trial court to grant a continuance to enable the wharfboat company to procure the presence of its co-defendant, D. M. Street. The point is made that the suit was originally instituted on the theory that Street had authority to make the note. Subsequently plaintiff based its right to recover on the theory that the wharfboat company received and accepted the benefits of the money advanced on the notes. In view of this fact, it is insisted that Street's evidence on the application of the money was very material. It is further insisted that as Street was a co-defendant the wharfboat company had the right to assume that he would be present, and it was not, there-

fore, necessary for it to show that it had used due diligence to get his testimony. It appears, however, that on the sixth day of February, 1914, twenty days before the case was called for trial, Street filed an answer and confessed judgment. It also appears that he was behind in his accounts with the wharfboat company. These facts, we think, were sufficient to apprise a person of ordinary prudence of the improbability of his being present at the trial and, therefore, to impose on the company the duty of using reasonable diligence to secure his testimony. Instead of taking steps to secure his testimony, the company relied on the presence of Street, in the face of the fact that every circumstance pointed to his absence at the trial. We, therefore, conclude that the trial court did not err in refusing a continuance.

The court instructed the jury as follows:

"1. The court instructs you that D. M. Street, as Secretary and Treasurer of the defendant, had no right or authority to sign the name of defendant to the note sued on, and you will find for the defendant, unless you shall believe from the evidence that the proceeds of the note sued on, or of a note or notes of which said note was a renewal, was by said Street, as such Secretary and Treasurer of defendant, deposited to the credit of defendant in plaintiff's bank by him as such Secretary and Treasurer, and in the usual course of business, checked out and applied to the use and benefit of the defendant, and that defendant received and got the benefit in this way of the proceeds of said note or a note or notes of which the note sued on was a renewal, in which event, and if you shall so believe, then you will find for the plaintiff the amount of the note sued on, to-wit, $2,500.00, with interest from the 31st day of Decr., 1913.

"But unless you shall so believe from evidence, then you cannot find for the plaintiff.

"2. The court further instructs you that if you believe from the evidence that only a part of the *of the* proceeds of notes mentioned to you in Instruction No. 1 were checked out by said Street as Secretary and Treasurer of the defendant and applied to the use and benefit of defendant, as stated to you in Instruction No. 1, then you can only find for the plaintiff such amounts as were so checked out, applied and the benefits received by defendant, and in no event can your findings exceed the amount stated to you in Instruction No. 1.

"3. The court instructs the Jury that James Koger, President of Defendant Paducah Wharfboat Co., had no power or authority as such to ratify the execution of the $2,500 note or renew same, either as to it, or the one for which it was given as a renewal or as to the note for $2,500 sued on."

It is insisted that instructions 1 and 2 are fatally defective because they do not require the jury to believe that the company knowingly received the use and benefit of the money. The evidence shows beyond question that Street had authority to receive payment, make deposits to the company's credit and draw checks on the company's account. The company kept its funds in the plaintiff bank. He carried the pass book and all deposits were entered therein. It also appears that the proceeds of the original note and all subsequent renewal notes, including the note sued on, were placed to the credit of the account kept by the company and were also entered in the pass book carried by Street. These deposits were all made with his knowledge and consent. Though it be true that Street had no authority to execute the note in question for and on behalf of the company, yet he had full authority to make deposits to the credit of the company. Therefore, in making the deposits of the proceeds of the original note and of the various renewal notes, he did so, not as an individual, but as the representative and agent of the company. He knew at the time that such deposits were made and his knowledge in a matter, concerning which he was fully authorized to act for the company, was the knowledge of the company itself. When, therefore, the deposits were made to the credit of the company and entered on the pass book which Street carried, and the sum so deposited was subsequently paid out on checks of the company drawn by Street, which he had full authority to draw, the bank's right to recover was fully established. It was not required to go further and follow the application of the proceeds of such checks and show that the wharfboat company actually received the benefit of such proceeds. So far as the bank is concerned, it is immaterial what became of the proceeds of the notes after they were placed to the wharfboat company's credit and drawn out on checks authorized by that company. With knowledge of the facts it still retains the money. This it cannot do and repudiate the acts by which it got it. German

National Bank v. Butchers' Hide and Tallow Company, 97 Ky., 34, 29 S. W., 882; Springfield and T. P. R. Co. v. Trustees of Harrodsburg, 11 Ky. Law Rep., 309; Sherman Center Town Co. v. Russell, 26 Pac. Rep., 715; Congress, &c., Spring Co. v. Knowlton, 103 U. S., 57; Edelhoff & Rinkle v. Horner, &c. Mfg. Co., 86 Md., 595, 39 Atl., 413; Hunt v. Northwestern, &c. Trust Co., 16 S. Dak., 241, 92 N. W., 23. It follows that the instructions were in no sense prejudicial to the defendant.

Judgment affirmed.