### GOULD v. W. J. GOULD & CO.

CORPORATIONS—BILLS AND NOTES—EXECUTION.
  The president and secretary of a corporation have no implied
  power to execute commercial paper.

Error to Wayne; Frazer, J. Submitted June 9, 1903. (Docket No. 44.) Decided October 6, 1903.

*Assumpsit* by Loua M. Gould against W. J. Gould & Company upon a promissory note. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Reversed.

*Graves, Hatch & Millis*, for appellant.

*Dickinson, Stevenson, Cullen, Warren & Butzel*, for appellee.

MONTGOMERY, J. The defendant is a corporation, but the record does not disclose the purposes of its organization. The present action is based upon a promissory note of

$4,000, purporting to be signed "W. J. Gould & Co., C. H. Gould, L. F. Thompson." The defendant filed an affidavit denying the execution of the note, and denying that the defendant had any benefit from or consideration for the same.   On the trial the plaintiff proved that the signature "W. J. Gould & Co." was made by C. H. Gould, and that he was president and L. F. Thompson was secretary and treasurer of the corporation at the date of the note.   There was no showing that any consideration passed to defendant, nor that the president and secretary were held out as having authority to make notes, nor that they were, by any action of the directors, authorized in this instance to make the note in question.   It was objected that the authority of these officers to make the note was not shown, and that, as a consequence, the execution of the note by the corporation was not proved.   The note was, however, received in evidence against defendant's objection, and this ruling presents the principal question in the case.

The general rule is that the president of a corporation has no implied power to bind the corporation by his signature to commercial paper, and that this power is not presumptively greater in the president and secretary.   21 Am. & Eng. Enc. Law (2d Ed.), 859.   See, also, 3 Clark & M. Corp. § 701; 2 Cook, Corp. (4th Ed.) § 716.   It is true that the authority to transact business of this character may be implied where it is shown either that the president has been held out as having charge of the business, and as authorized to perform such an act on behalf of the corporation as that in question, or where the corporation is shown to have received and retained the benefits of the transaction.   See 4 Thomp. Corp. § 4623. So, where the instrument is under the seal of the corporation, a presumption arises that it was executed by authority.   Id.   It is also true that, where there is evidence showing that the president of a corporation is engaged in managing the business, such powers will be ascribed to him as are requisite in the conduct of the business of the

character involved.   See *Ceeder* v. *Lumber Co.*, 86 Mich.
541 (49 N. W. 575, 24 Am. St. Rep. 134); *Hirschmann*
v. *Railroad Co.*, 97 Mich. 384 (56 N. W. 842).   But the
ruling of the circuit judge in the present case apparently
rests upon the idea that the president and secretary are
presumed to have authority to execute commercial paper,
and that proof that commercial paper was signed by them
shifts the burden of proof upon the defendant.   We think
this holding cannot be sustained upon authority.   The
only Michigan case tending to support this ruling is
*Eureka Iron & Steel Works* v. *Bresnahan*, 60 Mich.
332 (27 N. W. 524).   But in that case it appeared that,
not only was the mortgage in question signed by the
secretary and treasurer and president, but that the mort-
gage was agreed upon and assented to by all the directors
and stockholders of the company assembled together, and
the mortgage was drafted and executed in their presence.
The case, therefore, did not rest upon any presumption of
authority.

We are cited to the case of *Patterson* v. *Robinson*, 116
N. Y. 193 (22 N. E. 372), in which language is used appar-
ently sustaining the ruling of the circuit judge in the pres-
ent case.   But, from the examination we have been able to
give the subject, that case would appear to stand alone,
and, for an understanding of the New York rule, should
be compared with *Columbia Bank* v. *Gospel Tabernacle
Church,* 127 N. Y. 361 (28 N. E. 29).

In what we have said above we by no means imply that
the court will not take judicial notice of the usual powers
of certain officers of particular corporations, such as bank
cashiers.   But the ruling below cannot be sustained on
any such presumption.   The execution of the note in ques-
tion was not sufficiently proved.   The other questions pre-
sented are not likely to arise on a new trial.

Judgment is reversed, and a new trial ordered.

The other Justices concurred.