[No. 9895.  Department Two.  February 15, 1912.]

LESLIE G. SLOCUM, *Respondent*, v. SEATTLE TAXICAB COMPANY, *Appellant*.[1]

CORPORATIONS — CONTRACTS — OFFICERS AND AGENTS — AUTHORITY. Where the superintendent of a corporation in charge of its business and of a building in which it repaired its taxicabs, had general power to employ and discharge men, a written contract whereby he employed plaintiff to do all the company's trimming and painting for one year, and leased a part of the second story of the building to plaintiff as a shop, is within the apparent scope of his authority and binding on the corporation, so far as the employment of the plaintiff is concerned, although the superintendent's actual authority was limited to verbal employment of men from day to day.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 13, 1911, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract.  Affirmed.

*Brightman & Tennant*, for appellant.

*Shorett, McLaren & Shorett*, for respondent.

[1]Reported in 121 Pac. 67.

MOUNT, .J.—Defendant prosecutes this appeal from a judgment in favor of the plaintiff.   There is no substantial dispute upon the following facts:   In May, 1909, the defendant corporation occupied a building in Seattle, in which building the corporation kept and repaired a number of automobiles.   This building was occupied by defendant as a tenant from month to month.   Mr. A. C. Stevens was in active charge of the building, and was designated by the president of the company as superintendent.   He had authority to employ and discharge such men as were needed about the business.   On May 1, 1909, Mr. Stevens and the plaintiff entered into the following written agreement:

"Seattle Taxi-Cab Company
"Broadway, Corner Union Street, Seattle,
"Contract.        Date May 1st, 09.
"Leslie G. Slocum agrees to pay the sum of $25 per Mo. to Seattle Taxi-Cab Co. for shop on second floor for trimming & painting, and to do all the said Co's work at 25 per cent less than other shops, as long as above contract is fulfilled he is to have said shop one year from date.
"(Signed)        A. C. Stevens, Supt. of Taxi-Cab Co.
"Leslie G. Slocum."

The plaintiff thereupon partitioned off a room on the second floor of the building and occupied the same and did the defendant's work in a satisfactory manner.   Bills for work done were rendered weekly by plaintiff, and the agreed rent was deducted therefrom.   The balance was paid by the defendant until about January 3, 1910, when the defendant refused, apparently arbitrarily, to give the plaintiff any more work, and ejected him from the building.   The president of the corporation did not know about the contract.   It was shown to him by the plaintiff at that time.   He thereupon informed plaintiff that the contract was void because Mr. Stevens had no authority to make it.   The plaintiff at that time had done some work for which he had not been paid. He presented a bill therefor, amounting to $89.05.   The defendant issued a check to the plaintiff in payment of the

bill. The plaintiff presented this check to the bank for payment, but payment was refused unless plaintiff would sign a receipt "in full of all claims to date" against the defendant company. Plaintiff refused to sign such receipt, but retained the check. He thereafter brought this action to recover upon three alleged causes of action. By the first cause he sought to recover $1,773, alleged damages for failure to furnish him work for the balance of the year according to the contract. By the second cause he sought to recover $1,000 for the alleged breach of the lease. By the third cause he sought to recover upon the check $89.05. Upon the trial of the case, the court found that the plaintiff had been damaged in the sum of $316.35, by reason of the failure of the defendant to supply him with work. The court found upon the second cause of action that he was not entitled to recover for a breach of the contract of lease. The court found that he was entitled to recover $89.05 upon the check.

The defense made in the lower court, and insisted upon here, is that the contract was void because the superintendent, Mr. A. C. Stevens, had no authority to make it. The president of the company testified that Mr. Stevens had authority from him to superintend and look after the business, and employ and discharge men from day to day, but had no authority to enter into a written contract, either of employment or for a lease of the building; that under the by-laws of the corporation the president only had such authority.

We are satisfied that it was not incumbent upon the plaintiff or any other employee to hunt up the president of the company, or to obtain the charter or the by-laws of the company, in order to determine the authority of one who occupies the position of superintendent of a business, so as to make a valid contract of employment. It is conceded that the superintendent in charge had authority to employ men, and that he did so. The fact that he prepared and signed the written contract in this case as superintendent was sufficient

to bind the company, because the contract was made in the course of his apparent authority as well as his expressed authority to hire and discharge men. This is especially true in this case where the plaintiff acted in good faith and did not know, and had no reason to suspect, that the superintendent had no authority to reduce the contract to writing, or that he was limited in the employment of men to a day by day employment. In *Brace v. Northern Pac. R. Co.*, 63 Wash. 417, 115 Pac. 841, this court said:

"If each and every individual having business with such a corporation must at his peril ascertain and determine the exact scope and limitation of the agent's authority, it is manifest that he could not safely deal with the acknowledged agent, and that the corporation itself would be materially impaired. The public is compelled to rely upon the apparent authority of the conceded agents of such corporations, especially when, as managers or superintendents, they are placed in control of departmental affairs."

In *Livieratos v. Commonwealth Security Co.*, 57 Wash. 376, 106 Pac. 1125, we said:

"In this day and age when so large a part of the business of the commercial world is transacted through the agency of corporations, those dealing with them cannot be expected to prove the authority of corporate agents by producing a power of attorney under the corporate seal. They have a right to rely upon the apparent authority of those with whom they deal, and for acts done within the scope of that authority the corporation is bound."

We are of the opinion, therefore, that the company was bound by the contract in so far as it related to an employment of the plaintiff for the year. The judgment must therefore be affirmed.

DUNBAR, C. J., MORRIS, FULLERTON, and ELLIS, JJ., concur.