[No. 12169.  Department One.  January 11, 1915.]

PUGET SOUND REALTY ASSOCIATES, *Respondent*, v. FRED W. CATLETT, *Receiver etc., et al., Appellants.*[1]

CHATTEL MORTGAGES — CONTRACT CREDITORS — DEFECTIVE REGISTRATION—PRIORITIES. Where a chattel mortgage is a valid and subsisting lien as between the parties thereto, simple contract creditors who dealt with the mortgagor cannot urge a superior equity by reason of slight imperfections in the records of instruments resulting from a change of the name of the mortgagor from The Blackwell Hotel Company to Blackwell Hotel Company, unless they show that they were actually misled by reason of such imperfections.

SAME—MISREPRESENTATIONS OF MORTGAGOR. Representations by a mortgagor to creditors that his personal property is free from lien are not binding on the mortgagee when not authorized by him.

APPEAL AND ERROR—HARMLESS ERROR—ALLOWANCE OF DAMAGES. Although damages in the sum of $4,000 for detention of premises beyond the term of lease may be excessive, its allowance is without prejudice in an action for rent and the foreclosure of a chattel mortgage on the lessee's furniture, where the property on sale brought less than the rent actually due.

Appeal from a judgment of the superior court for King county, Smith, J., entered January 14, 1914, upon findings in favor of the plaintiff, upon a contest between creditors and a mortgagee in receivership proceedings, tried to the court. Affirmed.

[1]Reported in 145 Pac. 617.

*Fred W. Catlett, Hughes, McMicken, Dovell & Ramsey, Tucker & Hyland,* and *Higgins & Hughes (Hyman Zettler,* of counsel), for appellants.

*Corwin S. Shank* and *H. C. Belt,* for respondent.

CHADWICK, J.—Stating the facts briefly so as to get at the underlying legal propositions, rather than following the mutations and character of the property out of which this appeal comes, we find: that an owner sells a hotel business to his lessee; the lease is in form a lease and a chattel mortgage, and is recorded as such; lessee thereafter changes its name for reasons not now material, from The Blackwell Hotel Company to Blackwell Hotel Company; the furniture in the hotel was covered by conditional bill of sale; the purchase price is thereafter paid. A bill of sale in form:

"does hereby sell, assign, transfer and set over unto the said Blackwell Hotel Company in accordance with and as required by said contracts of conditional sale all the personal property so conditionally sold and described in said conditional sale contracts,"

is executed and delivered to the lessee. The lessee, Blackwell Hotel Company, in the regular course of its business, contracts many debts, and is owing a number of creditors on October 10, 1913, when the plaintiff, the present lessor, began an action to foreclose the chattel mortgage on the furniture and fixtures to satisfy an arrearage of rent amounting to $23,036.30, and $4,000 damages for detention beyond the term of the lease. The lessee being insolvent, plaintiff lessor asked the court to appoint a receiver to care for the property pending foreclosure. The receiver took charge and has, so far as we can ascertain from the record, acted as a general receiver.

When the application for a receivership came on for hearing, the defendant creditors appeared and contested the mortgage and the right of the plaintiff lessor to recover. They contend that the familiar principle of the law that

where one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it. They cite *Hunt v. Panhandle Lumber Co.*, 66 Wash. 645, 120 Pac. 538; *Parker v. Hill*, 68 Wash. 134, 122 Pac. 618. Appellants undertake to apply the rule in this wise: the change of name from The Blackwell Hotel Company to Blackwell Hotel Company was procured in part, at least, by respondent; the legal consequence was that the record did not indicate an existing mortgage made by Blackwell Hotel Company, the debtor of these appellants, and further, that the execution of the bill of sale to Blackwell Hotel Company covering the property theretofore held under the conditional bill of sale by The Blackwell Hotel Company put upon Blackwell Hotel Company full indicia of ownership, and those dealing with it should be entitled to protection over a mortgagee who had made that situation possible.

However engaging the theories advanced by appellants may be, we are nevertheless of the opinion that the judgment of the trial court is correct. It is admitted that the mortgage as between the parties is a valid and binding instrument. This being so, a superior equity cannot be asserted by simple contract creditors making proof of the recordation and character of the subsequent instruments. To invoke equity they must come forth and show that they were in fact misled by the record and indexes which they claim to be deficient. If it were not so, mortgaged property could not be sold with safety to the mortgagee. The law invites transfers of personal property and, in the absence of a showing that would sustain an estoppel *in pais*, no court should say that the integrity of the contract and transaction between mortgagor and mortgagee should be beaten down and destroyed by those who rely upon imperfections afterwards discovered and which in no way entered into the trade out of which their obligation arose.

We have not overlooked the contention of the attorneys for the appellants that manager Blackwell told them that the property was free of lien. Admitting that the record shows this to be true, although it is extremely doubtful if a finding to that effect could be sustained, it would not destroy the lien of plaintiff's mortgage. It is not contended that Blackwell had any authority from the mortgagee. It is not contended that plaintiff has not, and did not have during all that time, a valid and subsisting mortgage, and furthermore, admitting that such a representation was made, men who depend upon the veracity of those with whom they deal cannot expect lien holders to waive their rights in order to amend the falsehood of the common debtor.

There is a further contention that fifty per cent or more of the property which has been sold by the receiver to satisfy the debt was put into the building after the mortgage was executed, and an argument is made and authority cited to the effect that such property is free of the lien of the mortgage. Mr. Blackwell, when on the stand, testified that some $40,000 worth of property had been put into the hotel after the execution of the mortgage. Upon cross-examination he failed utterly to sustain this contention. His testimony is extravagant and indefinite. It was rejected by the trial court and will not be followed by us.

Appellants contend that in any event plaintiff has undertaken to charge the property with too much; that the $4,000 asked for damages for detention beyond the term cannot be allowed by the court. It is asserted in the briefs, and it is not denied, that the property has been sold and brought less than the amount of rent actually due. If this is so, there can be no prejudice to the appellants.

We find no error in the record. Affirmed.

CROW, C. J., GOSE, PARKER, and MORRIS, JJ., concur.