[No. 12466. Department Two. May 12, 1915.]

CANADIAN COLLIERIES (DUNSMUIR), LIMITED, *Appellant*, v. OMAR J. HUMPHREY, *Respondent*.[1]

CORPORATIONS—CONTRACTS—OFFICERS AND AGENTS—NOTICE. Notice to an agent in apparent charge of the general office of a corporation, in the absence of its manager, that the guarantor of payment for coal supplied a vessel would not be personally liable for further supplies furnished the vessel, was sufficient to charge the corporation with such notice.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered June 22, 1914, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*H. D. Folsom, Jr.*, for appellant.

*Herr, Bayley & Wilson*, for respondent.

MAIN, J.—The purpose of this action was to recover for coal furnished a certain vessel known as the "Rupert City." This vessel was owned by the Marine Transportation Company, a Canadian corporation. The plaintiff is also a corporation, organized under the laws of Canada. The Rupert City had been chartered to the Alaska Commercial Company,

[1]Reported in 148 Pac. 573.

of which corporation the defendant, Humphrey, was the agent. Prior to the time the vessel was chartered by the Alaska Commercial Company, the plaintiff had furnished it coal amounting to the value of $2,641.65. The plaintiff wrote the defendant asking him to guarantee the payment of the account. Replying to this request, Humphrey, on the 27th day of June, 1912, wrote declining to guarantee the account for coal which had been furnished prior to the time when the vessel was chartered by the Alaska Commercial Company. In this letter, however, he stated that he would "be personally responsible" for any future coal supplied the vessel after it came under his management. Thereafter the vessel was supplied with coal on three occasions. This coal was all paid for by Humphrey, with the exception of that supplied on the 6th day of November, 1912, the amount of which was $1,006.

On August 30, 1912, the defendant went to the plaintiff's general office in Victoria, B. C., for the purpose of paying a bill for coal. The general manager of the company not being in, the bill, amounting to $1,932, was paid to one Langton, assistant sales agent of the plaintiff. Humphrey claims that at this time he notified Langton that he would no longer be personally liable under his letter of guarantee written under date of June 27, 1912. The plaintiff claims nothing was said to Langton by Humphrey relative to the latter not being responsible for any future supply of coal to the Rupert City. As to this conversation, the testimony of Humphrey and Langton are in direct and unequivocal conflict. There are circumstances detailed in the record which tend to support Humphrey in his testimony; and there are likewise circumstances which tend to support Langton. The trial court found in favor of the version of the conversation as given by Humphrey. From an attentive consideration of all the evidence, we are not able to say that the finding of the trial court is not sustained by a fair preponderance of the evidence.

But it is argued that, even if Humphrey did notify Langton that he would no longer guarantee the bills of coal for the Rupert City, this would not be notice to the plaintiff. At the time the conversation is alleged to have occurred, the general manager of the plaintiff was not in its offices. The transaction occurred in the general offices of the company. Langton, at the time, in the absence of the manager, was in apparent charge of these offices. We think that notice to Langton at the time of the payment of the bill mentioned, who was then in apparent charge of the plaintiff's general offices, was sufficient to charge the corporation with such notice. *Livieratos v. Commonwealth Security Co.*, 57 Wash. 376, 106 Pac. 1125; *Brace v. Northern Pac. R. Co.*, 63 Wash. 417, 115 Pac. 841, 38 L. R. A. (N. S.) 1135; *Slocum v. Seattle Taxicab Co.*, 67 Wash. 220, 121 Pac. 67, 39 L. R. A. (N. S.) 435.

The plaintiff cites and relies upon the case of *Moon Bros. Carriage Co. v. Devenish*, 42 Wash. 415, 85 Pac. 17, as sustaining its contention that notice to Langton was not notice to the corporation. That case, however, is distinguishable from the present. There the notice of the dissolution of a partnership was claimed to have been given to a traveling salesman who had no authority over the collection of the account in question. Here, Langton was in apparent charge of the plaintiff's general offices at the time of the transaction, and had authority to receive payment of accounts and receipt for the same. Upon this question this case falls within the rule of the three cases above cited.

The judgment will be affirmed.

MORRIS, C. J., CROW, ELLIS, and FULLERTON, JJ., concur.