G. D. Schooler, Receiver, Appellee, v. Avon Lakes Corporation, Appellant.

No. 42041.

October 24, 1933.

Leslie E. Francis, for appellant.

Watson & Watson, for appellee.

Evans, J.—There was no evidence explanatory of the execution of the notes, or of the consideration therefor; nor any evidence bearing upon the question of the authority of the president, as such, to sign the notes. The trial court predicated decision upon our holding in the case of Citizens Bank v. Public Drug Company, 190 Iowa 983, 181 N. W. 274. There is very close similarity of facts in the cited case and in the case at bar, so far as they relate to the personnel of the respective corporations. In each case a husband and wife and a third person comprised all stockholders and all the officers. In each case the husband was the president and

the three stockholders comprised the board of directors. In the cited case the president of the company was a witness and testified to the circumstances attending the execution of the note. His evidence tended to show that it was given in payment of an existing obligation to the payee. It also tended to show the method of the corporation in transacting its business prior to the execution of the note. We reached a very reluctant conclusion in the cited case in finding that there was enough to go to the jury. In that case we said:

"It is not easy to reconcile all the very many precedents which deal with this and kindred questions, nor shall we attempt it. The clear weight of authority, however, is with the rule that authority to bind a corporation to the payment of a promissory note is not to be implied from the mere fact that the person assuming to represent it is its president, yet such authority may be found in the fact that the corporate business has been intrusted to his management and control to such an extent as to justify persons dealing with him in believing he has been clothed with authority to represent it.

"The evidence along this line, while not so clear or explicit as could be wished for, nor as clear as it might easily have been made with a little direct inquiry into the manner and method of carrying on the corporate business generally, is still, in our judgment, sufficient to make a *prima facie* case for a recovery by plaintiff; and the exclusion of the note from the jury and the peremptory direction of a verdict for the defendant constituted prejudicial error."

The articles of incorporation herein did not define the power of the president. It conferred all power upon the board of directors. It is argued by appellee that the president was the manager and for that reason must be deemed to have authority. We find no competent evidence even that he was the manager. The appellee relies upon certain reports made to the secretary of state in which the president was referred to as the manager, but the earliest of these reports was made in August, 1926. The principal note involved herein was made several months prior to such date. Even if he were deemed the manager, he would not thereby supplant the board of directors upon whom all power was conferred by the articles. There is no evidence in this record of any circumstance explanatory of the transaction; nor any evidence of any prior similar transaction from which any implication could be drawn.

The final paragraph in the cited case of Citizens Bank v. Public Drug Company, 190 Iowa 983, 181 N. W. 274, 277, is as follows:

"It must be understood, we do not hold, as a matter of law, that Bronson was authorized to execute notes of the corporation, but simply that plaintiff made a prima facie showing entitling it to go to the jury on that question. And to this we may add that, *if it be found that Bronson did have express or implied authority to execute corporate notes in furtherance of the business which the corporation was organized to carry on, then the further question whether the note in suit and the contract, if any, in connection with which it was given, were within the legitimate scope of such authority, is in no manner here determined or adjudicated.*" The italics are ours.

The italicized portion above is applicable to the case at bar. There is no evidence in this case on the "question whether the note in suit and the contract, if any, in connection with which it was given, were within the legitimate scope of such authority". It devolves on us in this case to determine that question herein. It devolves upon the plaintiff to show not only what the authority of the president was, or to show such manner and method of transacting the business previously as to induce other parties to believe that he had authority, but to show also that the transaction under consideration was within the scope of such authority. We think there was an entire absence of evidence to show that the conduct was within the scope of his authority or to show any previous conduct, which assumed authority or to show what authority the president in fact had. The trial·court entered judgment upon the note notwithstanding these deficiencies in the evidence. We draw the inference from the record that the defendant-corporation has changed its personnel and its organization since the transaction here under consideration.

The judgment must be reversed, and a new trial ordered.— Reversed.

ALBERT, C. J., and KINDIG, CLAUSSEN, and DONEGAN, JJ., concur.