47 P.(2d) 899

**TEXAS CO. v. DICKSON et al.**

No. 4046.

Supreme Court of New Mexico.

July 10, 1935.

W. H. Patten, of Hobbs, for appellant.

Tom W. Neal, of Lovington, for appellees.

BICKLEY, Justice.

Suit was commenced by the Texas Company, a corporation, appellant, against F. Everett Dickson and Roy W. Beasley, allegedly a copartnership doing business under the firm name and style of Texas Service Station. Beasley did not answer, and judgment went against him by default. The defendant Dickson, who is appellee here, answered. He denied that he was at any time a partner with Beasley, and denied generally any indebtedness to the plaintiff, and all material allegations of the complaint.

The cause was tried before the court without a jury. Findings of fact

were requested and made, and conclusions of law based thereon were entered and judgment of dismissal of the complaint was rendered in favor of the defendant Dickson against the plaintiff, the Texas Company. From this judgment plaintiff prosecutes this appeal. Upon the trial of the cause it appeared that Mr. Dickson went with Mr. Beasley to Brownfield, Tex., the district sales office of the Texas Company, which was under the charge of W. M. Adams as district manager of the sales department, to arrange to buy gasoline and oil from the Texas Company, for the Texas Service Station. Mr. Beasley owned the Texas Service Station in the town of Lovington, and, desiring to arrange a line of credit, made application therefor. Mr. Dickson operated a line of trucks, and it seemed that some sort of relation existed between them whereby they rendered mutual assistance to each other. At the conference relative to the extension of credit to Beasley, Dickson stated that he was willing to help Mr. Beasley financially. Mr. Adams, the district sales manager for the Texas Company, was a witness on behalf of plaintiff, and testified: "I told him, we talked and I told him they would have to be partners; I told them that was the only way they could fix it, that they were partners, and that they said that was alright with them, so they operated as a partnership and the application went as a partnership."

The relation between Beasley and Dickson did not constitute a general partnership, and there was no written contract of copartnership between them as required by chapter 100, Comp. Stats. 1929, where parties desire to bind themselves as copartners. The court did not find a general copartnership to exist. The finding on this subject is as follows: "That by an agreement entered into by the defendants and the agent of the Texas Company, at Brownfield, Texas, the Defendants became partners *in so far as their dealings with the Plaintiff were concerned.*" (Italics ours.)

Apparently what the arrangement amounted to was a guaranty by Dickson of payment of the Beasley account. Appellee, however, is bound by the foregoing finding, and our consideration will proceed upon the assumption that appellee Dickson was liable to the Texas Company as though he were a partner of Beasley, unless he is relieved from such liability by virtue of his alleged retirement from the partnership and notice thereof to the Texas Company prior to the incurring of the indebtedness in question. Before the sales by plaintiff which are the basis of its action, appellee Dickson sent word to Mr. W. M. Adams, the said district manager of the Texas Company, through plaintiff's truck driver who delivered supplies to the Texas Service Station, that he would no longer be responsible for any credit ex-

tended by the Texas Company to Mr. Beasley at the Texas Service Station. The court made findings of fact describing the relation of said W. M. Adams to the said Texas Company as its agent, the duties he owed to his principal, and the circumstances of the notice appellee claims he had given to appellant of his withdrawal from partnership with Beasley, and that he would no longer be responsible for anything sold by the Texas Company to Beasley, as follows:

"That W. M. Adams was in charge of Plaintiff's business at Brownfield, Texas, received the products of the Plaintiff, and sold same to various customers in the Brownfield, Texas, and Lea County, New Mexico, Territory, and was responsible to the Company for all products received and disposed of by him."

"As a part of his duties as such distributing agent, it was the duty of said W. M. Adams, and it was his custom, to report to the Plaintiff any changes in firms, or the financial conditions of their various customers in his territory."

"That about September or October, 1930, the Defendant, Dickson, severed his connection with the Defendant, Beasley, and moved out of the station operated by Beasley, and notified the agent at Brownfield, Texas, W. M. Adams, through the truck driver serving said station, that he would no longer be responsible for anything sold by the Company to the Defend-

ant, Beasley, and this information was communicated to the said W. M. Adams, and the said W. M. Adams had knowledge of this fact before the products alleged in the Complaint were sold and delivered to the Defendant, Beasley."

We have given attentive consideration to the testimony, and are satisfied that the findings are supported by substantial evidence.

From these findings the court made the following conclusions of law:

"That the agent, W. M. Adams, was the sales agent, and sales manager of the Plaintiff for the territories of Brownfield, Texas, and Lea County, New Mexico."

"That the Knowledge of said agent, W. M. Adams, that the Defendant, Dickson, would not be responsible for anything sold by the plaintiff to the Defendant, Beasley, was knowledge to the Plaintiff, and was binding on the Plaintiff and Plaintiff is not entitled to recover from the Defendant, Dickson, for anything sold to the Defendant, Beasley, after it had notice that the Defendant Dickson would not be responsible for the payment of anything sold by Plaintiff to Beasley for said station."

Counsel for appellant in his brief declares: "The only question involved in this case is whether or not the information given to the truck driver of the dissolution of the partnership was notice to the Texas Company."

We think counsel is mistaken. That might be the question were it not for the fact that the court found that appellant's truck driver communicated the information he received from Dickson of the dissolution of the partnership to appellant's district manager, Mr. Adams, in charge of the territory where the sales were made and the credit given. In view of the court's findings, the question is: "Was notice to the Texas Company's District Manager notice to the Company?"

We think the learned trial court correctly concluded that it was. See Hurst Boillin Co. v. Jones, 152 Tenn. 535, 279 S. W. 392, 43 A. L. R. 742, and annotation following; Canadian Collieries v. Humphrey, 85 Wash. 457, 148 P. 573.

Finding no error in the record, the judgment is affirmed, and it is so ordered.

SADLER, C. J., and HUDSPETH, WATSON, and ZINN, JJ., concur.